IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
January 9, 2013 Session

**STATE OF TENNESSEE v. MARTIN BOYCE**

**Appeal from the Criminal Court for Shelby County**
**No. 09-05387    Carolyn Wade Blackett, Judge**

**No. W2012-00887-CCA-R3-CD  - Filed August 6, 2013**

D. KELLY THOMAS, JR., J., concurring in part and dissenting in part.

I respectfully disagree with the majority's decision affirming the trial court's imposition of consecutive sentences. With respect to the Defendant's remaining issues, I concur with the majority's decision.

The standard of review on the issue of consecutive sentencing is unclear under our state's current jurisprudence. Our supreme court recently clarified that appellate courts review "sentences imposed by the trial court within the appropriate statutory range . . . under an abuse of discretion standard with a presumption of reasonableness." State v. Bise, 380 S.W.3d 682, 709 (Tenn. 2012). This standard also "applies to within-range sentences that reflect a decision based upon the purposes and principles of sentencing, including the questions related to probation or any other alternative sentence." State v. Caudle, 388 S.W.3d 273, 278-79 (Tenn. 2012). But our supreme court has not issued a definitive ruling on the standard of review to be applied regarding consecutive sentencing. In response, some panels of this court are applying an abuse of discretion standard, while others are continuing to apply a de novo standard of review until instructed otherwise by our supreme court. See generally State v. Eric Demond McCathern, No. M2011-01612-CCA-R3-CD, 2012 WL 5949096, at *4-5 (Tenn. Crim. App. Nov. 16, 2012) (majority applying abuse of discretion standard of review and concurring opinion advocating de novo standard of review), perm. app. denied, (Tenn. Feb. 25, 2013).

However, regardless of which standard of review is applied, a trial court may only impose consecutive sentences after it has found by a preponderance of the evidence that one of the statutory factors listed in Tennessee Code Annotated section 40-35-115(b) applies to the case. The record of the sentencing hearing is to include "specific findings of fact upon which application of the sentencing principles was based." Tenn. Code Ann. § 40-35-209(c);

see also Tenn. R. Crim. P. 32(c)(1) (stating that the order imposing consecutive sentences "shall specify the reasons for [the] decision"). Here, the trial court imposed consecutive sentences without stating which of the section 40-35-115(b) factors justified such a sentence or making any findings of fact. Furthermore, on the trial court's form sentencing order for each conviction, the section addressing consecutive sentencing was left blank. Because "the trial court is in a superior position to impose an appropriate sentence and articulate the reasons for doing so," in situations like this one where no reasons were given in the record to justify the trial court's sentencing decision, "the more appropriate course of action . . . may be to remand to the trial court." Bise, 380 S.W.3d at 705 n.41. As such, I would remand the case back to the trial court for a new sentencing hearing solely to address whether consecutive sentences are warranted.

_____

D. KELLY THOMAS, JR., JUDGE